WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Rodaniel Robert Miller,<br><br>Defendant. | No. CR-17-08196-001-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Rodaniel Miller's Motion for Revocation of The Magistrate Judge's Order of Detention (Doc. 17). For the reasons stated below, the Motion is denied, and the Defendant is detained as both a flight risk and a danger to the community pending trial.

The Court has read the transcript from both of the detention hearings, the pretrial services report and addendum, the motion, response, and reply of the parties. The Court applies its de novo review. *United States v. Koenig,* 912 F/2d 1190, 1192 (9th Cir. 1990).

The Court is sympathetic to the Defendant's assertion that pretrial referral to Crossroads may be his only realistic chance for alcohol treatment and Defendant does have a serious alcohol problem. Unfortunately, however, in the calculation the Court must make, the interests of the Defendant are not the only ones at play. To be placed in Crossroads would, of necessity, provide the Defendant with the liberty to live, work and comply with the program voluntarily. Defendant's actions, however, have sufficiently demonstrated to this Court that he is not sufficiently trustworthy to be counted on to

appear. He was convicted of making a false statement in 2016 and for failure to appear in 2012. He also has an outstanding warrant against him for failure to appear in a case involving a traffic violation and additionally he was arrested in 2012 for failure to appear although charges were never brought.

The outstanding warrant, together with Defendant's previous conviction establishes for the Court a record by the Defendant of disregarding Court Orders requiring the Defendant to appear. They establish by a preponderance of evidence the inability of the Court to assure the presence of the defense by the imposition of a condition or combination of conditions.

In this way they are distinguishable from *Unites States v. Santos-Flores,* 794 F.3d 1088, 1092 (9th Cir. 2015). To be sure if Defendant were released in this case, he would presumably be detained for his outstanding warrant. But, it is unlikely that such a detention would last throughout the time set for trial in this case. Unlike *Santos-Flores* he would not be deported. It is unlikely given the nature of the underlying charge and the cooperation between federal and state authorities that the Defendant would be unable to appear in this matter despite such a detention. Further, what concerns the Court is not the impossibility of the Defendant being able to appear due to his detention on the other warrant, but the record the Defendant has acquired of consciously disregarding the Orders of the Court, which seems to some extent confirmed by the existent of the other warrant and his previous arrest and conviction.

As it pertains to the danger the Defendant presents—Defendant now acknowledges he has a serious drinking problem. Yet he only does so after he had previously represented to the pre-trial services officer that he did not need alcohol treatment and was previously caught in apparent untruths made to Magistrate Judge Willett. He flatly stated to Judge Willett that he has not taken a drink since the accident resulting in the death of his girlfriend. Yet, his own Facebook page provides evidence that he was drinking in a Page bar shortly before making the apparently false assertion to Magistrate Judge Willett. Further, he denied that a Nevada conviction for DUI pertained

to him, when it is now apparent that it did. Third, his account of events at the scene of the accident were a bizarre and what would appear to be completely incredible attempt to avoid some apparent facts, as was the claim that he did not even know the identity of his longtime girlfriend who was deceased at the scene. The danger that such out of control drinking presents to the public has been established by clear and convincing evidence. The fact that the Defendant was sufficiently forthcoming to make Crossroads believe that he has accepted that he has a need for alcohol treatment is, in the face of such evidence, insufficient consolation.

For the above reasons the Court finds by a preponderance of the evidence that the Defendant is a flight risk, and that no condition or combination of conditions could reasonably guarantee his appearance. It further finds by clear and convincing evidence that the Defendant is a danger to the community and detention of the Defendant is required pending trial in this case. The Defendant is therefore ordered detained pending trial.

**IT IS HEREBY ORDERED** that the Motion for Revocation of the Magistrate Judge's Order (Doc. 17) is denied.

Dated this 11th day of October, 2017.

_____
Honorable G. Murray Snow
United States District Judge